Ronald V. Sgambati (Bar ID #046321991)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ  07922
(908) 795-5200
ATTORNEYS FOR DEFENDANT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CLARARESA GETHERS,<br><br>                Plaintiff,<br><br>    v.<br><br>ALLIES INC.; and JOHN DOES 1-5 AND 6-10,<br><br>                Defendants. | Civil Action No.: 1:20-cv-03723 NLH-AMD<br><br>**ANSWER AND DEFENSES** |

Defendant, Allies Inc. ("Defendant"), through its attorneys, Jackson Lewis P.C., for its answer to the complaint, states as follows:

1. Defendant deny knowledge as to the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant deny knowledge as to the allegations contained in paragraph 3 of the Complaint.

4. Defendant denies all the allegations contained in paragraph 4 of the Complaint.

5. Defendant denies all the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies knowledge as to the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies all the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies knowledge as to the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies knowledge as to the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies knowledge as to the allegations contained in paragraph 10 of the Complaint.

11. This Paragraph sets forth a legal conclusion as to which no response is required.  To the extent it does not, Defendant denies all the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies all the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies knowledge as to the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies all the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies all the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies knowledge as to the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies knowledge as to the allegations contained in paragraph 18 of the Complaint.

19. This Paragraph sets forth a legal conclusion as to which no response is required. To the extent it does not, Defendant denies all the allegations contained in paragraph 19 of the Complaint.

20. This Paragraph sets forth a legal conclusion as to which no response is required. To the extent it does not, Defendant denies all the allegations contained in paragraph 20 of the Complaint.

21. To the extent this Paragraph refers to a document, the document speaks for itself. To the extent it does not, Defendant denies all the allegations contained in paragraph 21 of the Complaint.

22. To the extent this Paragraph refers to a document, the document speaks for itself. To the extent it does not, Defendant denies all the allegations contained in paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies all the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies all the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies all the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies all the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies all the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies all the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies all the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies all the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies all the allegations contained in paragraph 32 of the Complaint.

## COUNT I

### Disability Discrimination Under the LAD

33. Defendant repeats and realleges its answers to the aforementioned paragraphs as though fully set forth in response to paragraph 33 of the Complaint.

34. Defendant denies all the allegations contained in paragraph 34 of the Complaint.

## COUNT II

### Failure to Accommodate

35. Defendant repeats and realleges its answers to the aforementioned paragraphs as though fully set forth in response to paragraph 36 of the Complaint.

36. Defendant denies all the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies all the allegations contained in paragraph 37 of the Complaint.

## COUNT III

### Interference Under the FMLA

38. Defendant repeats and realleges its answers to the aforementioned paragraphs as though fully set forth in response to paragraph 38 of the Complaint.

39. Defendant denies all the allegations contained in paragraph 39 of the Complaint.

## COUNT IV

### Retaliation Under the FMLA

40. Defendant repeats and realleges its answers to the aforementioned paragraphs as though fully set forth in response to paragraph 40 of the Complaint.

41. Defendant denies all the allegations contained in paragraph 41 of the Complaint.

## COUNT V

### *Pierce v. Ortho Pharmaceuticals* and *Lally v. Copygraphics, Inc.*

42. Defendant repeats and realleges its answers to the aforementioned paragraphs as though fully set forth in response to paragraph 42 of the Complaint.

43. Defendant denies all the allegations contained in paragraph 43 of the Complaint.

## COUNT VI

### Request for Equitable Relief

44. Defendant repeats and realleges its answers to the aforementioned paragraphs as though fully set forth in response to paragraph 44 of the Complaint.

45. Defendant denies all the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies all the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies all the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies all the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies all the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies all the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies all the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies all the allegations contained in paragraph 52 of the Complaint.

### DEFENSES

### AS AND FOR A FIRST DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND DEFENSE

Plaintiff's complaint is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A THIRD DEFENSE

At all times relevant hereto, Defendant has acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

### AS AND FOR A FOURTH DEFENSE

Plaintiff's complaint should be dismissed because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to any alleged disability.

### AS AND FOR A FIFTH DEFENSE

Each and every action taken by Defendant with respect to Plaintiff was based upon reasonable factors other than any alleged disability.

## AS AND FOR A SIXTH DEFENSE

Each and every action taken by Defendant with respect to Plaintiff was justified by a business necessity.

## AS AND FOR A SEVENTH DEFENSE

Even if Plaintiff could prove that her alleged disability was a factor in any employment decision, Defendant would have made the same employment decision.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiff's employment, at all times relevant to this action, could be terminated by either party for any reason and at any time.

## AS AND FOR A NINTH DEFENSE

Plaintiff's claims for damages are barred or reduced to the extent she failed to mitigate her alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

## AS AND FOR A TENTH DEFENSE

Plaintiff's claims for pain and suffering and any emotional distress are barred by the exclusive remedy provisions of New Jersey's workers' compensation statute.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiff's claim is barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendant's preventive and corrective opportunities or to avoid harm otherwise.

## AS AND FOR A TWELFTH DEFENSE

Plaintiff's claims for punitive damages are not recoverable under every cause of action alleged in Plaintiff's complaint.

### AS AND FOR A THIRTEENTH DEFENSE

Plaintiff's claims are barred in part for the reasons that each Defendant is not an "employer" under applicable federal and/or state law.

### AS AND FOR A FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine(s) of waiver and estoppel.

### AS AND FOR A FIFTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A SIXTEENTH DEFENSE

Defendants or some of them are not employers and/or are not proper party Defendant.

### AS AND FOR A SEVENTEENTH DEFENSE

Plaintiff's claims are barred as no request was made for reasonable accommodation.

### AS AND FOR AN EIGHTEENTH DEFENSE

Defendant reserves the right to amend their answer, to add additional or other defenses, to delete or withdraw defenses, and to add other claims as they may become necessary, after a reasonable opportunity for appropriate discovery.

WHEREFORE, Defendant respectfully requests that this Court:

a. Dismiss the complaint in its entirety;

b. Deny each and every demand, claim and prayer for relief contained in the complaint;

c. Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

      d.      Grant such other and further relief as the Court may deem just and proper.

> Respectfully submitted,
>
> JACKSON LEWIS P.C.
> 200 Connell Drive
> Suite 2000
> Berkeley Heights, NJ 07922
> (908) 795-5200
>
> By:   s/ Ronald V. Sgambati
>        Ronald V. Sgambati
>        Kathryn Moynihan

Dated: April 23, 2020

## L. CIV. R. 11.2 CERTIFICATION

Pursuant to L. Civ. R. 11.2, I hereby certify that upon information and belief, this matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding. I know of no other parties who should be joined in this action at this juncture.

> By:   s/ Ronald V. Sgambati
>        Ronald V. Sgambati
>        Kathryn B. Moynihan

Dated: April 23, 2020

4811-4679-4425, v. 1